UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:12-cv-62091-JIC (Cohn/Seltzer)

GILBERT ANDUJAR, individually, WILLIAM
BETTLER, individually, MITCHELL BLUMSTEIN,
individually, STEVE CARNEY, individually, MICHAEL
CHIRIELEISON, individually, LISSA CHOVAN, individually,
WILLIAM W. COWGILL, JR., individually, TINEESHIA
GADSDEN, individually, BRANDON GARRISON, individually,
DIAN GRIFFIN, individually, ROBERT IGNERI, individually,
ROGER JACK, individually, RAFAEL JARAMILLO, individually,
PAMELA LING, individually, HOWARD MELNICK, individually,
RICARDO MORAGUEZ, individually, JOHN NIEWOEHNER,
individually, MICHAEL OLSEN, individually, JACOB PENARANDA,
individually, JOSE PINO, individually, PHYLLIS QUINCOCES,
individually, LESLIE OMAR RAMIREZ, individually, JOEL ROUSSEAU,
individually, GLEN STRAW, individually, SUSAN STRAW,
individually, PAULINE TOMICH, individually, and JOSHUA
WILEY, on behalf of themselves and all others similarly situated,

    Plaintiffs,

vs.

ALL COAST TRANSPORTERS, INC., a Florida corporation,
ALL STATE VAN LINES RELOCATION, INC., a Florida
corporation f/k/a United States Van Lines Relocation Division, Inc.
and f/k/a Moving Cost, Inc., AMERICAN VAN LINES, INC., a Florida
corporation, AMERICAN VAN LINES WORLD HEADQUARTERS, INC.,
a Florida corporation, COLONIAL VAN LINES, INC., a Florida
Corporation f/k/a Brown Van Lines, Inc., COLONIAL VAN
LINES, LLC, a Florida Corporation, MOVING SQUAD, INC.,
a Florida Corporation f/k/a Moving World, Inc. and f/k/a A & G
Rentals, Inc., MOVING SQUAD, INC. OF FORT LAUDERDALE,
a Florida Corporation f/k/a Champion Moving and Storage, Inc.,
NATIONWIDE RELOCATION SERVICES, INC., a Florida Corporation,
NRS STAFFING CORPORATION, a Florida Corporation,
PATRIOT VAN LINES, INC., a Florida Corporation f/k/a WeHaul
International, Inc., STATES VAN LINES, INC., a Florida Corporation
f/k/a United States Van Lines, Inc., UNITED STATES VAN LINES
RELOCATION SERVICES, INC., a Florida Corporation n/k/a Green Pro
Lawn Care and Pest Control, Inc., COLONIAL VAN LINES RELOCATION
DIVISION INC., a Florida corporation f/k/a World Moving Services, Inc.,
and ALDO DISORBO, individually,

    Defendants.
_____/

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

    The Plaintiffs, GILBERT ANDUJAR, individually, WILLIAM BETTLER, individually, MITCHELL

BLUMSTEIN, individually, STEVE CARNEY, individually, MICHAEL CHIRIELEISON, individually, LISSA CHOVAN, individually, WILLIAM W. COWGILL, JR., individually, TINEESHIA GADSDEN, individually, BRANDON GARRISON, individually, DIAN GRIFFIN, individually, ROBERT IGNERI, individually, ROGER JACK, individually, RAFAEL JARAMILLO, individually, PAMELA LING, individually, HOWARD MELNICK, individually, RICARDO MORAGUEZ, individually, JOHN NIEWOEHNER, individually, MICHAEL OLSEN, individually, JACOB PENARANDA, individually, JOSE PINO, individually, PHYLLIS QUINCOCES, individually, LESLIE OMAR RAMIREZ, individually, JOSE ROUSSEAU, individually, GLEN STRAW, individually, SUSAN STRAW, individually, PAULINE TOMICH, individually, and JOSHUA WILEY, individually, on behalf of themselves and all others similarly situated, by and through their undersigned counsel, sue the Defendants, ALL COAST TRANSPORTERS, INC., a Florida corporation, ALL STATE VAN LINES RELOCATION, INC., a Florida corporation f/k/a United States Van Lines Relocation Division, Inc. and f/k/a Moving Cost, Inc., AMERICAN VAN LINES, INC., a Florida corporation, AMERICAN VAN LINES WORLD HEADQUARTERS, INC., a Florida corporation, COLONIAL VAN LINES, INC., a Florida Corporation f/k/a Brown Van Lines, Inc., COLONIAL VAN LINES, LLC, a Florida Corporation, MOVING SQUAD, INC., a Florida Corporation f/k/a Moving World, Inc. and f/k/a A & G Rentals, Inc., MOVING SQUAD, INC. OF FORT LAUDERDALE, a Florida Corporation f/k/a Champion Moving and Storage, Inc., NATIONWIDE RELOCATION SERVICES, INC., a Florida Corporation, NRS STAFFING CORPORATION, a Florida Corporation, PATRIOT VAN LINES, INC., a Florida Corporation f/k/a WeHaul International, Inc., STATES VAN LINES, INC., a Florida Corporation f/k/a United States Van Lines, Inc., UNITED STATES VAN LINES RELOCATION SERVICES, INC., a Florida Corporation n/k/a Green Pro Lawn Care and Pest Control, Inc., COLONIAL VAN LINES RELOCATION DIVISION INC., a Florida corporation f/k/a World Moving Services, Inc., and ALDO DISORBO, individually, (hereinafter collectively referred to as "DISORBO COMPANIES"), and for their cause of action, declare and aver as follows:

1. The Plaintiffs are current and/or former employees of DISORBO COMPANIES, working for DISORBO COMPANIES in the Southern District of Florida during one or more workweeks within the last three (3) years.

2. The Plaintiffs bring this action on behalf of themselves and all other current and former employees of DISORBO COMPANIES similarly situated to them, on a collective basis, for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter referred to as "the FLSA").

3. The Plaintiffs are within the jurisdiction of this Court.

4. The corporate Defendants are Florida corporations, doing business in Florida, and are within the jurisdiction of this Court.

5. At all times material hereto, the corporate Defendants shared services of employees, and/or interchanged employees, acted in the direct interests of each other towards a collective interest, and exercised common control over employees and operations, including personnel decisions, and as such, the Defendants are a "single employing enterprise" or, alternatively, "joint employers" of the Plaintiffs.

6. Defendant, ALDO DISORBO, is a resident of Broward County, Florida, and within the jurisdiction of this Court. At all times material hereto, Defendant, ALDO DISORBO, owned, managed and/or operated the corporate Defendants. Moreover, at all times material hereto, ALDO DISORBO regularly exercised the authority to hire and fire employees; determine the work schedules of employees; set the pay rates of employees; and control the finances and operations of the corporate Defendants. By virtue of such control and authority, ALDO DISORBO is an "employer" under the FLSA.

7. This action is brought to recover from the Defendants unpaid minimum wages, overtime compensation, liquidated damages, costs and reasonable attorneys' fees, as well as for declaratory and injunctive relief, under the provisions of the FLSA, 29 U.S.C. § 201, *et seq.*, and specifically under 29 U.S.C. § 216(b).

8. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

9. At all times material hereto, Defendants were, and continue to be, engaged in interstate commerce as defined by the FLSA.

10. At all times material hereto, during their employment with Defendants, Plaintiffs were engaged in interstate commerce.

11. The additional persons who may become Plaintiffs in this action, and who Plaintiffs believe are entitled to notification of the pendency of this action, and of their right to opt-in to this action, are current and former employees of Defendants similarly situated to Plaintiffs who are or were subject to the payroll practices and procedures described in the paragraphs below.

12. At all times pertinent to this Complaint, Defendants failed to comply with 29 U.S.C. § 201-19 in that Plaintiffs and those current and former employees similarly situated to Plaintiffs, while employed by Defendants as inside salespersons, performed hours of service for Defendants in excess of forty (40) during one or more workweeks, for which Defendants failed to properly pay minimum wage and proper overtime premiums.

13. In the course of their employment with the Defendants, Plaintiffs, and other current and former employees similarly situated to them, worked hours for which they were not properly paid minimum wages.

14. In the course of their employment with the Defendants, Plaintiffs, and other current and former employees similarly situated to them, worked hours in excess of forty (40), but were not properly paid overtime.

15. The pay practices of the Defendants, as described in the above paragraphs, violated the FLSA by failing to properly pay minimum wages and overtime to Plaintiffs, and those other current and former employees similarly situated to Plaintiffs, for those hours worked, including in excess of forty (40).

16. During the three (3) years preceding the filing of this lawsuit, DISORBO COMPANIES has (1) employed and continues to employ individuals similarly situated to Plaintiffs (*i.e.* inside salespersons) throughout the state of Florida; and (2) suffered or permitted to be suffered, with knowledge, hours of service by these employees, including in excess of forty (40), during one or more workweeks, for which Defendant failed to properly pay minimum wages and/or additional overtime premiums. Each improperly paid employee who performed and/or continues to perform services for Defendants, for any time period during the three (3) years preceding this lawsuit, is entitled to notification of the pendency of this action and of his/her right to consent to becoming a party to this action.

17. Indeed, it is significant that prior to any court-authorized notice, almost thirty (30) individuals already have retained the undersigned counsel for purposes of prosecuting this lawsuit. Plaintiffs therefore will seek this Court's authorization to mail notice on a company-wide basis to all current and former employees similarly situated to the Plaintiffs who work or worked for DISORBO COMPANIES during any payroll period within the last three (3) years.

18. It should also be noted that two (2) of the DISORBO COMPANIES already settled a collective lawsuit under similar allegations, approved by this Court on or about June 11, 2012. *See Kerschman et al. v. Nationwide et al.*, Case No. 10-cv-62426-WPD [DE 82].

### COUNT I - RECOVERY OF UNPAID OVERTIME

19. Plaintiffs reaver and reallege all allegations contained in paragraphs 1 through 18 above as if fully set forth herein.

20. Plaintiffs are entitled to be paid an overtime premium for each hour worked in excess of forty (40) per workweek and to have such overtime calculated in accordance with Federal Regulations, to include commission/bonus payments earned in the appropriate workweek in the calculation of the regular rate for the purposes of determining overtime entitlement. All similarly situated employees are similarly owed overtime premiums, calculated properly, for those overtime hours they worked and for which they were not properly paid.

21. By reason of the willful and unlawful acts of the Defendants, all Plaintiffs (Plaintiffs and those similarly situated to them) have suffered damages plus incurred costs and reasonable attorneys' fees.

22. As a result of the Defendants' violation of the Act, all Plaintiffs (Plaintiffs and those similarly situated to them) are entitled to liquidated damages in an amount equal to that which they are owed as unpaid overtime.

WHEREFORE, Plaintiffs, and those similarly situated to them, who have or will opt-in to this action, demand judgment against Defendants for the overtime wages due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

**COUNT II - RECOVERY OF MINIMUM WAGES**

23. Plaintiffs reaver and reallege all allegations contained in paragraphs 1 through 18 above as if fully set forth herein.

24. Plaintiffs are entitled to be paid proper minimum wages for each hour worked during each and every workweek(s) within the last three (3) years. All similarly situated employees are similarly owed minimum wages, calculated properly, for those they worked and for which they were not properly paid at the effective minimum wage rate.

25. By reason of the willful and unlawful acts of Defendants, Plaintiffs have suffered damages plus incurred costs and reasonable attorneys' fees.

26. As a result of Defendants' violation of the Act, Plaintiffs are entitled to liquidated damages in an amount equal to that which they are owed in minimum wages.

WHEREFORE, Plaintiffs, and those similarly situated to them, who have or will opt-in to this action, demand judgment against Defendants for the minimum wages due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated:  January 9, 2013          Respectfully submitted,
        Boca Raton, FL

                                 *s/ Robin I. Frank*
                                 DANIEL R. LEVINE, ESQ.
                                 Florida Bar No. 0057861
                                 E-mail: drlevine@sbwlawfirm.com
                                 ROBIN I. FRANK, ESQ.
                                 Florida Bar No. 0649619
                                 E-mail: rifrank@sbwlawfirm.com
                                 SHAPIRO, BLASI, WASSERMAN & GORA, P.A.
                                 7777 Glades Road, Suite 400
                                 Boca Raton, FL  33434
                                 Telephone:    (561) 477-7800
                                 Facsimile:    (561) 477-7722
                                 Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

      I hereby certify that on January 9, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                 *s/ Robin I. Frank*
                                                 DANIEL R. LEVINE, ESQ.
                                                 ROBIN I. FRANK, ESQ.

## SERVICE LIST

*Gilbert Andujar, et al. v. All Coast Transporters, Inc., et al.*
Case No. 0:12-cv-62091-JIC   (Cohn/Seltzer)
United States District Court, Southern District of Florida

| | |
|---|---|
| Daniel R. Levine, Esquire<br>E-Mail:  drlevine@sbwlawfirm.com<br>Shapiro, Blasi, Wasserman & Gora, P.A.<br>7777 Glades Rd., Suite 400<br>Boca Raton, FL  33434<br>Telephone:    (561) 477-7800<br>Facsimile:      (561) 477-7722<br>Counsel for Plaintiffs<br>*Via CM/ECF* | Reynaldo Velazquez, Esquire<br>E-Mail:  rvelazquez@fordharrison.com<br>Ford & Harrison LLP<br>100 SE 2 Street, Suite 2150<br>Miami, FL  33131<br>Telephone:    (305) 808-2100<br>Facsimile:      (305) 808-2101<br>Counsel for Defendants<br>*Via CM/ECF* |
| Robin I. Frank, Esquire<br>E-Mail:  rifrank@sbwlawfirm.com<br>Shapiro, Blasi, Wasserman & Gora, P.A.<br>7777 Glades Rd., Suite 400<br>Boca Raton, FL  33434<br>Telephone:    (561) 477-7800<br>Facsimile:      (561) 477-7722<br>Counsel for Plaintiffs<br>*Via CM/ECF* | |