UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-62091-CIV-COHN/SELTZER

GILBERT ANDUJAR, et al.,
on behalf of themselves and
all others similarly situated,

    Plaintiffs,

v.

ALL COAST TRANSPORTERS,
INC., et al.,

    Defendants.
_____/

## ORDER ON MOTIONS TO QUASH SERVICE OF PROCESS AND TO CONDITIONALLY CERTIFY COLLECTIVE ACTION

**THIS CAUSE** is before the Court upon several motions filed by the parties: Defendants' Motion to Quash Process and Service of Process and Motion to Dismiss the Plaintiffs' Complaint [DE 30]; Plaintiffs' Motion to Conditionally Certify Collective Action and Facilitate Notice to Similarly Situated Employees [DE 35]; Defendant's Motion to Quash Process and Service of Process and Motion to Dismiss the Plaintiffs' Complaint [DE 67]; Plaintiffs' Request for Oral Argument and/or Evidentiary Hearing on Defendants' Motions to Quash Process and Service of Process and Motion to Dismiss the Plaintiffs' Complaint [DE 79]; and the Parties' Joint Motion to Continue Trial and Extend Pre-Trial Deadlines [DE 85]. The Court has carefully reviewed these motions, the filings supporting and opposing the motions, the record in this case, and is otherwise fully advised in the premises.

**I.     Background**

On October 23, 2012, twenty-seven individual Plaintiffs filed this action against thirteen corporate Defendants and one individual Defendant who operate moving and relocation businesses in Florida.  See DE 1 (Compl.).  Plaintiffs allege that, during the three years before this case was filed, Defendants employed Plaintiffs as inside salespersons.  See id.  Plaintiffs further claim that Defendants failed to pay Plaintiffs the minimum and overtime wages guaranteed by the Fair Labor Standards Act ("FLSA"). See DE 1; DE 28 (Pls.' Statement of Claim); 29 U.S.C. §§ 206, 207.  Plaintiffs seek to recover unpaid wages, liquidated damages, and attorney's fees and costs.  See DE 1; DE 28; 29 U.S.C. § 216(b).  Plaintiffs later filed an Amended Complaint adding claims against another corporate Defendant, Colonial Van Lines Relocation Division Inc., f/k/a World Moving Services, Inc. ("Colonial").  See DE 46.  Also, one Plaintiff voluntarily dismissed his claims.  See DE 77 (Order of Partial Dismissal).

In addition to their own claims, Plaintiffs request that other similarly situated employees of Defendants be notified of this action and of their right to join in the case. See DE 46; 29 U.S.C. § 216(b) (authorizing FLSA collective actions).  In this regard, Plaintiffs have moved to conditionally certify a collective action and to facilitate notice to similarly situated employees.  See DE 35; Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260-61 (11th Cir. 2008) (discussing standards for initially certifying FLSA collective actions and notifying prospective class members).  Plaintiffs' proposed class includes "current and former inside salespersons employed by Defendants throughout the state of Florida, and not paid overtime for hours worked in excess of forty (40) and/or minimum wage for all hours worked, and employed for any length of time since October 23, 2009."  DE 35 at 17.

One of the original corporate Defendants, All State Van Lines Relocation, Inc., and the individual Defendant, Aldo Di Sorbo, have filed Answers and Affirmative Defenses to Plaintiffs' Amended Complaint.  See DE 58; DE 74.  But the other twelve Defendants named in the original Complaint,[1] as well as later-added Defendant Colonial, have moved to quash Plaintiffs' service of process and to dismiss the case for insufficient service.  See DE 30; DE 67; Fed. R. Civ. P. 12(b)(5).

Plaintiffs' motion for conditional class certification and notice, Defendants' motions to quash and dismiss, and the other motions noted above are now pending before the Court.  All of these motions are fully briefed and ripe for decision.[2]

## II.     Discussion

### A.     Defendants' Motions to Quash and Dismiss

#### 1.     Legal Standards

"[W]hen service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity."  Familia de Boom v. Arosa Mercantil,

---

[1] These Defendants are NRS Staffing Corporation; Patriot Van Lines, Inc., f/k/a WeHaul International, Inc.; American Van Lines, Inc.; All Coast Transporters, Inc.; Colonial Van Lines, LLC; American Van Lines World Headquarters, Inc.; Colonial Van Lines, Inc., f/k/a Brown Van Lines, Inc.; Nationwide Relocation Services, Inc.; Moving Squad, Inc., f/k/a Moving World, Inc., and f/k/a A & G Rentals, Inc.; Moving Squad, Inc. of Fort Lauderdale, f/k/a Champion Moving and Storage, Inc.; States Van Lines, Inc., f/k/a United States Van Lines, Inc.; and United States Van Lines Relocation Services, Inc., n/k/a Green Pro Lawn Care and Pest Control, Inc.

[2] In one pending motion, Plaintiffs request oral argument and an evidentiary hearing on Defendants' motions to quash and dismiss.  See DE 79.  The Court finds, however, that the parties' arguments concerning these motions are adequately presented in the written filings and that a hearing is unnecessary.  Accordingly, Plaintiffs' request for oral argument and an evidentiary hearing is denied as moot. The parties also jointly move to continue the trial date and pretrial deadlines, subject to the Court's rulings on the other pending motions.  See DE 85.  As the Court concludes that Plaintiffs' motion for conditional certification and notice should be granted, the Court will vacate the current trial date and pretrial deadlines.  See infra Parts II.B.2, III.

S.A., 629 F.2d 1134, 1139 (5th Cir. 1980).[3]  Here, because several of the Defendant corporations claim that Plaintiffs' service of process was invalid, Plaintiffs must show that they effected proper service on those Defendants.  In general, Rule 4(h)(1) of the Federal Rules of Civil Procedure requires that a corporation be served with process

> (A)   in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B)   by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1).  Rule 4(e)(1) normally allows service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).

The Florida statute governing service of corporations permits service on various corporate officers.  See Fla. Stat. § 48.081(1).  Alternatively, process may be served on a registered agent designated by the corporation pursuant to Florida Statutes § 48.091.  See Fla. Stat. § 48.081(3)(a); Fla. Stat. § 48.091(1).  Section 48.091 requires that, from 10:00 a.m. to noon each business day, a corporation must keep a registered office open and make available "one or more registered agents on whom process may be served at the office during these hours."  Fla. Stat. § 48.091(2).  If service cannot be made on a registered agent because the company has failed to comply with § 48.091, "service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent."  Fla. Stat. § 48.081(3)(a).

---

[3] Decisions of the former Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit.  See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

      **2.**      **Analysis of Defendants' Motions**

          **a.**      **Motion by Twelve Original Defendants**

On October 24, 2012, the Clerk of Court issued Summonses for the twelve original corporate Defendants now challenging service of process. See DE 3 at 2, 4-14. Each Summons was addressed to an individual registered agent or officer of the named company. See id. For eight of the twelve Defendants, that person was Aldo Di Sorbo. See id. at 4, 6, 8-11, 13-14. With one exception, see id. at 5, all of the Summonses listed the same street address in Margate, Florida (the "Margate Address").

On November 5, 2012, Plaintiffs filed Returns of Service for each of the twelve Defendants. See DE 8; DE 10–20. All of the returns certify that on October 24, 2012, at 11:38 a.m., a process server named James Guerin delivered a copy of the Summons and Complaint to "**ZAFIRA RUIZ** as **AGENT** for" each Defendant at the Margate Address. Id. According to an affidavit later submitted by Guerin, he entered the building at the Margate Address and was told that all twelve companies named in the Summonses worked out of that office. See DE 39-1 at 2-3 (Aff. of James Guerin). Guerin asked to see the registered agents listed on the Summonses or any officers of the named companies. See id. at 3. Guerin was informed that none of those persons were in the office. See id. Guerin inquired whether anyone who worked for the named companies was present, and a woman who identified herself as "head of HR" directed Guerin to another woman named Zafira Ruiz. Id. Guerin asked Ruiz if she was authorized to accept service on behalf of the companies, and she indicated that she was. See id. Guerin then served the Summonses and Complaint on Ruiz. See id.

In their motion to quash and dismiss, Defendants argue that Plaintiffs' delivery of the Summonses and Complaint to Ruiz does not meet the service requirements of

5

Rule 4(h)(1) or Florida Statutes § 48.081.  Defendants have presented evidence that Ruiz is employed as the receptionist for Defendant NRS Staffing Corporation ("NRS").  See DE 30-1 at 2 (Aff. of Aldo Di Sorbo); id. at 6 (Aff. of Zafira Ruiz).  According to Defendants, Ruiz is not a corporate officer or an agent authorized to receive service for any of the Defendants.  See Fed. R. Civ. P. 4(h)(1); Fla. Stat. § 48.081(1), (3)(a); DE 30-1 at 2-3, 6; id. at 9 (Aff. of Anthony Di Sorbo).  Further, Defendants maintain that Ruiz is not an employee of any Defendant other than NRS, nor is she an employee of any Defendant's registered agent.  See Fla. Stat. § 48.081(3)(a); DE 30-1 at 3, 6, 9.  Thus, Defendants assert that Plaintiffs' service of process on Ruiz did not strictly comply with Florida law and therefore that the service should be quashed and the Complaint dismissed.  See, e.g., S.T.R. Indus., Inc. v. Hidalgo Corp., 832 So. 2d 262, 263 (Fla. 3d DCA 2002) (explaining that the corporate service requirements of Fla. Stat. § 48.081 "must be strictly complied with").

Plaintiffs contend, however, that the service on Ruiz was proper because (1) no registered agent was present at Defendants' office, (2) Ruiz was identified as an employee of the named companies, and (3) Ruiz represented that she was authorized to receive service for the companies.  See Fla. Stat. § 48.081(3)(a); Fed. R. Civ. P. 4(h)(1).  Further, Plaintiffs emphasize that the Defendants challenging service have received actual notice of this suit, thereby satisfying the main purpose of service.  The Court agrees with Plaintiffs.

At a date and time when Florida law requires corporate agents to be available for service, see Fla. Stat. § 48.091(2), Guerin visited the registered office for all but one of the twelve Defendants.  Once there, Guerin was informed that all twelve Defendants worked out of that office.  But when Guerin asked whether any of the companies'

6

registered agents or officers were present, he was told that they were not.  Another employee in the office, who claimed to be the head of human resources, identified Ruiz as an employee of the named companies.  More, Ruiz confirmed that she was authorized to accept service for the companies.  In these circumstances, Guerin's delivery of process to Ruiz effected valid service on Defendants.  See Fla. Stat. § 48.081(3)(a); Fed. R. Civ. P. 4(h)(1).

Most of the Defendants deny that Ruiz was their employee or was otherwise empowered to accept service for them.[4]  Yet they do not dispute that their "head of HR" and Ruiz represented otherwise to Guerin or that Guerin relied on those claims in serving process on Ruiz.  Given these facts, Defendants cannot now be heard to complain that the service of process was ineffective because Ruiz lacked actual authority to receive service.

In addition, the chief purpose of service—notifying Defendants of the pending claims against them—has been satisfied here.  See Woodham v. Nw. Steel & Wire Co., 390 F.2d 27, 30 (5th Cir. 1968) ("'The test used to determine if service upon an agent is sufficient to constitute service upon a corporation is whether or not, in fact, the corporation will receive notice of the action.'" (quoting H. Bell & Assocs., Inc. v. Keasbey & Mattison Co., 140 So. 2d 125, 127 (Fla. 3d DCA 1962))).  Defendant Aldo Di Sorbo is an owner or registered agent for eleven of the twelve companies contesting service. See DE 30-1 at 2.  Di Sorbo participated in pre-suit negotiations with Plaintiffs, filed an Answer as an individual Defendant, and submitted an affidavit challenging service of the twelve corporate Defendants.  See DE 30-1 at 2-3; DE 39 at 1 (Pls.' Opp'n to Defs.'

---

[4] Defendants admit that Ruiz was an employee of NRS at the time of service, so Guerin's delivery of process to her constitutes valid service on that Defendant. See Fla. Stat. § 48.081(3)(a).

7

Mot. to Quash and Dismiss); DE 74.  The owner and registered agent of the twelfth company, American Van Lines, Inc., is Anthony Di Sorbo.  See DE 30-1 at 9.  Though not named as a Defendant in this case, Anthony Di Sorbo has filed an affidavit contesting service of American Van Lines, Inc.  See id. at 9-10.  More, Plaintiffs have alleged, and the record suggests, that the Defendant corporations are closely related.  See DE 46 at 3, ¶ 5.  The record also confirms that Defendants have received actual notice of this case because all of them have timely responded to Plaintiffs' Complaint by filing their present motion.

For these reasons, Plaintiffs have shown that their service of process on the twelve corporate Defendants was valid under Florida Statutes § 48.081(3)(a) and Rule 4(h)(1).  See Familia de Boom, 629 F.2d at 1139.  Accordingly, the Court denies Defendants' motion to quash service and to dismiss the Complaint.

### b. Motion by Defendant Colonial

On January 11, 2013, the Clerk issued a Summons for Colonial, which was named as a Defendant in Plaintiffs' Amended Complaint.  See DE 52.  The Summons was addressed to Colonial's registered agent, Sungate Gate Holdings, Inc., ("Sungate") at the Margate Address.  See id.  On February 15, 2013, Plaintiffs filed a Return of Service for Colonial.  See DE 71.  The return certified that on January 15, 2013, at 2:08 p.m., Guerin delivered a copy of the Summons and Amended Complaint to "**COLLETTE GOODMAN** as **EMPLOYEE/AGENT** for" Colonial at the Margate Address.  Id.  Collette Goodman is Colonial's President.  See DE 78-1 at 2 (Aff. of Collette Goodman).

Colonial, however, has filed affidavits showing that the Summons and Amended Complaint were delivered to Ruiz, not Goodman.  See DE 67-1 at 6 (Aff. of Zafira Ruiz);

8

DE 78-1 at 2.  As with the other Defendants' motion to quash and dismiss, Colonial offers evidence that Ruiz was NRS's receptionist and was not an officer, agent, or employee of Colonial or Sungate.  See DE 67-1 at 2-3 (Aff. of Aldo Di Sorbo); id. at 6.  Thus, for essentially the same reasons argued in Defendants' other motion, Colonial asserts that Plaintiffs' service on Ruiz was legally insufficient.

Based on a review of the record, the Court finds that Guerin delivered the process for Colonial to Ruiz rather than to Goodman.  Although the Return of Service states that Guerin served the Summons and Complaint on Goodman, she has filed an affidavit claiming that she was never served with those papers.  See DE 78-1 at 2.  Ruiz, moreover, has submitted an affidavit explaining that Guerin hand-delivered the Summons and Complaint to her on January 15, 2013.  See DE 67-1 at 6.  Those documents are attached to Ruiz's affidavit.  See id. at 7-15.  And, unlike Defendants' other motion, Guerin has not filed an affidavit detailing his alleged service on Goodman.  Further, nothing suggests that at the time Guerin delivered Colonial's process to Ruiz (which was outside the required time window for a corporate agent to be present), Guerin had any reason to believe that Ruiz was authorized to accept service for Colonial or Sungate.

The Court recognizes that Colonial, like the other Defendants discussed above, has received actual notice of this suit.  See Woodham, 390 F.2d at 30.  As with most of the other corporate Defendants, Colonial and its registered agent are owned (at least in part) by Defendant Aldo Di Sorbo, who has participated in this action in various ways.  See DE 67-1 at 2; supra Part II.A.2.a.  Colonial also appears related to the other Defendant companies, and it has timely filed its present motion in response to the Amended Complaint.  Nevertheless, because Plaintiffs have not met their burden to

9

show that lawful service was made on Colonial, the Court will quash the attempted service of process. To the extent that Colonial also seeks dismissal for insufficient service, the Court finds it more appropriate to allow Plaintiffs to re-serve Colonial.

### B. Plaintiffs' Motion for Conditional Certification and Notice

#### 1. Legal Standards

The FLSA permits one or more employees to bring an action on behalf of themselves and "other employees similarly situated." 29 U.S.C. § 216(b). This provision "authorizes collective actions against employers accused of violating the FLSA." Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1258 (11th Cir. 2008). To join a collective action as a plaintiff, a similarly situated employee must consent in writing, and that consent must be filed with the court. See 29 U.S.C. § 216(b); Morgan, 551 F.3d at 1259. In this way, "[p]articipants in a § 216(b) collective action must affirmatively opt into the suit." Morgan, 551 F.3d at 1258.[5]

As § 216(b) indicates, employees seeking to maintain a collective action "must demonstrate that they are similarly situated." Morgan, 551 F.3d at 1258; see id. at 1259 ("The key to starting the motors of a collective action is a showing that there is a similarly situated group of employees."). Neither the FLSA nor circuit precedent expressly defines the term "similarly situated." See id. at 1259-60 & n.38. Still, the Eleventh Circuit has "emphasized that before facilitating notice, a 'district court should satisfy itself that there are other employees . . . who desire to "opt-in" and who are "similarly situated" with respect to their job requirements and with regard to their pay

---

[5] "[T]he requirements for pursuing a § 216(b) class action are independent of, and unrelated to, the requirements for class action under Rule 23 of the Federal Rules of Civil Procedure." Grayson v. K Mart Corp., 79 F.3d 1086, 1096 n.12 (11th Cir. 1996).

provisions.'" Id. at 1259 (quoting Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991) (alteration in original)).  The court of appeals has also "instructed that under § 216(b), courts determine whether employees are similarly situated—not whether their positions are identical." Id. at 1260 (citing Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996)).

"While not requiring a rigid process for determining similarity," the Eleventh Circuit has "sanctioned a two-stage procedure for district courts to effectively manage FLSA collective actions in the pretrial phase." Morgan, 551 F.3d at 1260.  The first step is the "notice stage," when the district court decides whether to conditionally certify a collective action and to notify other similarly situated employees of the action. Id. at 1260-61 & n.40.  At this initial stage, the plaintiffs must show a "reasonable basis" to support their claim that "there are other similarly situated employees." Id. at 1260.  The circuit court has described this standard as "'not particularly stringent,' 'fairly lenient,' 'flexib[le],' 'not heavy,' and 'less stringent than that for joinder under Rule 20(a) or for separate trials under Rule 42(b).'" Id. at 1260-61 (quoting Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1214, 1218-19 (11th Cir. 2001) (per curiam) (alteration in original); Grayson, 79 F.3d at 1096-97) (citations omitted).  The plaintiffs, though, must offer "more than only counsel's unsupported assertions" that the employer's FLSA violations are widespread and that other similarly situated employees will join the suit. Id. at 1261 (internal quotation marks omitted).  Instead, the plaintiffs must present "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." Id. at 1260 n.39 (internal quotation marks omitted).

The second stage of the pretrial collective-action process is "triggered by an employer's motion for decertification." Morgan, 551 F.3d at 1261.  Because such a

motion is usually filed near the end of discovery, "the district court has a much thicker record than it had at the notice stage, and can therefore make a more informed factual determination of similarity." Id. "This second stage is less lenient, and the plaintiff bears a heavier burden." Id. Although the Eleventh Circuit has "again refused to draw bright lines in defining similarity" at the decertification stage, that court has recognized that "as more legally significant differences appear amongst the opt-ins, the less likely it is that the group of employees is similarly situated." Id. (citing Anderson v. Cagle's Inc., 488 F.3d 945, 953 (11th Cir. 2007)). Factors that courts should consider in this analysis include "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendants that appear to be individual to each plaintiff; and (3) fairness and procedural considerations." Id. (alterations & internal quotation marks omitted). Therefore, "at the second stage, 'although the FLSA does not require potential class members to hold identical positions, the similarities necessary to maintain a collective action under § 216(b) must extend beyond the mere facts of job duties and pay provisions' and encompass the defenses to some extent." Id. at 1261-62 (quoting Anderson, 488 F.3d at 953).

### 2. Analysis of Plaintiffs' Motion

Here, Plaintiffs ask the Court to initially certify a class of "current and former inside salespersons employed by Defendants throughout the state of Florida, and not paid overtime for hours worked in excess of forty (40) and/or minimum wage for all hours worked, and employed for any length of time since October 23, 2009." DE 35 at 17. Plaintiffs allege that they and the proposed class members performed similar duties as inside salespersons, namely, calling prospective customers to offer moving and relocation services through third-party providers. See id. at 10-11. Further, according

to Plaintiffs, Defendants engaged in the same unlawful pay practices with respect to all inside salespersons.  See DE 35 at 6, 8-9; DE 46 at 4, ¶¶ 11, 15.  Specifically, Plaintiffs claim that "Defendants paid them on a commission basis (based on a percentage of the third-party fees charged by the provider) and did not pay any additional overtime pay for hours worked in excess of forty (40) and did not pay minimum wages for all hours worked."  DE 35 at 11.  In connection with this claim, Plaintiffs assert that Defendants improperly classified all inside salespersons as exempt from the FLSA's minimum and overtime wage requirements.  See id. at 14.  Plaintiffs also note that twenty-six individuals have already brought claims in this case and that eighteen of them have executed declarations supporting a collective action.  See DE 46 at 1-2; DE 35-2.  Those declarations confirm Plaintiffs' allegations and further indicate that a substantial number of similarly situated employees have expressed interest in joining this action.  See DE 35-2.

Also, while Plaintiffs have sued the corporate Defendants separately, Plaintiffs allege that those Defendants "shared services of employees, and/or interchanged employees, acted in the direct interests of each other towards a collective interest, and exercised common control over employees and operations, including personnel decisions."  DE 46 at 3, ¶ 5; see 29 C.F.R. § 791.2.  Plaintiffs thus contend that "the Defendants are a 'single employing enterprise' or, alternatively, 'joint employers' of the Plaintiffs."  Id.  In support of this allegation, Plaintiffs maintain that "[r]egardless of which Defendant they were paid by, they always reported to the same location, as well as to the same individuals, and used the same equipment."  DE 35 at 10.

Plaintiffs have filed a proposed form titled "Notice of Right to Opt-in to Lawsuit" (the "Notice Form"), to advise similarly situated employees of the collective action and

13

of their right to join the suit.  DE 35-1 at 2-6.  Likewise, Plaintiffs have provided a form called "Consent to Become Party Plaintiff" (the "Consent Form"), which employees would submit to opt into the case.  Id. at 7-8.  Plaintiffs suggest that, if the Court initially certifies a collective action, these forms be distributed to potential class members.

Defendants oppose Plaintiffs' motion for conditional certification and notice on several grounds.  See DE 61 (Defs.' Resp. to Pls.' Mot.).  First, Defendants argue that Plaintiffs have presented insufficient evidence to show that Defendants employed all of the Plaintiffs and proposed class members.  Defendants claim that eight of the companies did not employ any of the Plaintiffs, and that five of the Plaintiffs were not employed by any of the Defendants.  More, Defendants dispute that they acted as Plaintiffs' joint employer, stressing that the Defendant companies are "distinct corporate entities that are separately owned and operated."  DE 61 at 9.

Second, Defendants contend that Plaintiffs have failed to show that other employees wish to opt into this action or that Plaintiffs and those employees are similarly situated.  Defendants allege various defects in the eighteen declarations filed by Plaintiffs.  Among other issues, Defendants challenge as "vague and speculative" the declarations' assertions that other similarly situated employees have expressed interest in joining the case.  Id. at 12.  Defendants also note that the declarations collectively refer to Plaintiffs' job titles as "estimator/senior moving consultant/ salesperson" and do not specify certain other details of each Plaintiff's employment.  Id. at 15.  In this regard, Defendants argue that a few of the Plaintiffs "did not perform the duties of an inside salesperson."  Id. at 16.

Third, Defendants object to Plaintiffs' proposed class definition and Notice Form.  Defendants assert that the class period should begin three years before the Court

14

initially certifies a collective action, not three years before the Complaint was filed. See 29 U.S.C. § 255(a) (providing three-year limitations period for claims based on willful violations of FLSA).  In addition, Defendants apparently seek to limit distribution of the Notice Form to employees of three particular Defendants.  And Defendants claim that various language should be added to that form in order to make it more neutral.

    At this initial stage of the litigation, the Court finds that Plaintiffs have shown enough similarity among themselves and the proposed class members to warrant conditional certification and notice of a collective action.  Plaintiffs have alleged that they and the other employees performed similar work for Defendants and were subject to the same unlawful pay practices.  See Morgan, 551 F.3d at 1259-60; Dybach, 942 F.2d at 1567-68; Grayson, 79 F.3d at 1096.  Plaintiffs have also provided a "reasonable basis" for their claim that other similarly situated employees would join the lawsuit. Morgan, 551 F.3d at 1260.  The eighteen Plaintiff declarations reflect that, in addition to the twenty-six existing Plaintiffs, a significant number of other employees wish to join this case.  Despite Defendants' objections to the declarations, they are based on the declarants' personal knowledge and prove sufficient interest in this case at the notice stage.  See Cooper v. E. Coast Assemblers, Inc., No. 12-80995-CIV, 2013 WL 308880, at *2-*3 (S.D. Fla. Jan. 25, 2013) (rejecting similar arguments concerning plaintiff affidavits in support of conditional certification).

    Most of the issues that Defendants raise in opposing Plaintiffs' motion are more properly considered at the decertification stage, when the parties and the Court have the benefit of discovery.  See Morgan, 551 F.3d at 1261.  At that more rigorous stage, for example, the Court can fully consider Defendants' arguments that Plaintiffs were employed by distinct companies with different employment practices (or by none of the

Defendant companies) and that Plaintiffs had disparate job titles and responsibilities. See id.; see also Layton v. DHL Express (USA), Inc., 696 F.3d 1172, 1175-78 (11th Cir. 2012) (discussing standards for existence of joint employment in FLSA cases).  Based on those and other relevant factors, the Court can determine whether Plaintiffs are sufficiently similar for this case to proceed to trial as a collective action, or rather, whether legally significant differences among the employees require the case to be decertified and to proceed on an individual basis.  See Morgan, 551 F.3d at 1261-62; Anderson, 488 F.3d at 953.

Plaintiffs have not specifically replied to Defendants' arguments regarding the proposed class definition and Notice Form.  Instead, Plaintiffs suggest that the Court allow the parties to confer about these issues in an effort to resolve them.  See DE 72 at 14.  The Court finds this approach sensible.  Thus, the Court directs the parties to meet and confer on the remaining issues raised by Defendants in a good-faith attempt to reach agreement on those matters, consistent with the Court's other rulings herein.

### III.  Conclusion

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Quash Process and Service of Process and Motion to Dismiss the Plaintiffs' Complaint [DE 30] is **DENIED**;

2. Defendant's Motion to Quash Process and Service of Process and Motion to Dismiss the Plaintiffs' Complaint [DE 67] is **GRANTED** to the extent it seeks to quash Plaintiffs' earlier service of process on Defendant Colonial Van Lines Relocation Division Inc., f/k/a World Moving Services, Inc., ("Colonial"), but is **DENIED** to the extent it seeks dismissal of the claims against Colonial;

3. Plaintiffs' Request for Oral Argument and/or Evidentiary Hearing on Defendants' Motions to Quash Process and Service of Process and Motion to Dismiss the Plaintiffs' Complaint [DE 79] is **DENIED AS MOOT**;

4. Plaintiffs shall re-serve process on Defendant Colonial by **June 21, 2013**;

5. Colonial shall respond to Plaintiffs' Amended Complaint by **July 12, 2013**;

6. To the extent they have not already done so, all other Defendants shall respond to Plaintiffs' Amended Complaint by **June 21, 2013**;

7. Plaintiffs' Motion to Conditionally Certify Collective Action and Facilitate Notice to Similarly Situated Employees [DE 35] is **GRANTED**;

8. By **June 28, 2013,** counsel for the parties shall meet and confer to resolve any differences concerning Plaintiffs' proposed class definition and Notice Form;

9. By **July 12, 2013,** the parties shall file agreed-upon versions of the Notice Form and Consent Form and shall e-mail those documents to the Court for its approval.  If the parties cannot reach agreement on these matters, they shall file separate versions of the forms along with briefs of no more than ten (10) pages explaining their respective positions;

10. By **July 31, 2013,** Defendants shall disclose to Plaintiffs the names and last known mailing addresses of all current and former employees included in the class approved by the Court.  In cooperation with Plaintiffs' counsel, this information shall be produced in a computerized format appropriate for mailing purposes;

11. By **August 9, 2013,** Plaintiffs shall mail the Notice and Consent Forms to the employees in the class approved by the Court, allowing sixty (60) days for return

of the Consent Forms.  Within fifteen (15) days of receipt, Plaintiffs shall provide Defendants with a copy of each Consent Form received by Plaintiffs; and

12. The Parties' Joint Motion to Continue Trial and Extend Pre-Trial Deadlines [DE 85] is **GRANTED**.  The current trial setting, calendar call, and pretrial deadlines are **VACATED**.  By **October 9, 2013,** the parties shall file a joint scheduling report that includes new proposed pretrial deadlines and a trial date, as well as a brief description of the number of Consent Forms received by that time.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 31st day of May, 2013.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF